### UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAURA TOGUT, on behalf of herself and all others similarly situated,<br><br>            Plaintiffs,<br><br>   -against-<br><br>FOREVER 21, INC. and FOREVER 21 RETAIL, INC.,<br><br>            Defendants. | **No.: 17-cv-5616**<br><br><br>**<u>COMPLAINT</u>** |

Plaintiff herein, Laura Togut ("Plaintiff"), by her attorneys, McLaughlin & Stern, LLP, as and for her complaint against defendants, Forever 21, Inc. ("Forever 21") and Forever 21 Retail, Inc. ("Forever 21 Retail" and together with Forever 21, collectively, "Defendants"), represents and shows this Court as follows:

#### <u>NATURE OF THE ACTION</u>

1.     This is a proposed class action against Defendants arising from their charging and retention of spurious and unlawful retail sales taxes on purchases by customers taking delivery of such purchases in New York City, an exempt jurisdiction, where no such taxes exist.

2.     New York is considered a "destination state" for purposes of the determination and application of sate retail sales tax laws.

3.     Pursuant to Section 1115(a)(30) of the New York Consolidated Laws ("NY CLS"), purchases of items of clothing and footwear for which the consideration given is less than one hundred ten dollars ($110) per item of clothing or per pair of shoes are exempt from the four percent (4%) New York State retail sales tax imposed under subdivision (a) of Section Eleven

Hundred Five (§1105(a)) and compensating use tax imposed under Section Eleven Hundred Ten (§1110) of NY CLS.

4.     In addition to being exempt from New York State retail sales tax, clothing, footwear, and other items used to make or repair exempt clothing sold for less than $110 per item or pair are exempt from New York City's local four and one-half percent (4.5%) retail sales tax and the three-eighths (3/8% or 0.375%) Metropolitan Commuter Transportation District ("MCTD") tax within the exempt localities in the MCTD.[1]

5.     Other non-MCTD counties in New York also provide for a full retail sales tax exemption on purchases of clothing less than $110 per item.

6.     These New York counties include the counties of Chautauqua, Chenango (outside of the city of Norwich), Columbia, Delaware, Greene, Hamilton, Tioga, and Wayne (collectively with New York City, "the exempt jurisdictions").[2]

7.     Defendants illegally overcharge buyers up to 8.875% every time a resident of New York City, or a resident of the counties of Chautauqua, Chenango (outside of the city of Norwich), Columbia, Delaware, Greene, Hamilton, Tioga, and Wayne, make an online purchase of clothing or footwear from Defendants for less than $110 and have such purchase shipped to an address in their exempt jurisdiction.

8.     Plaintiff brings this action on behalf of herself and all others similarly situated to challenge Defendants' unlawful, unjust, deceptive and fraudulent practice, and to obtain refunds for those consumers Defendants damaged through its unauthorized overcharges on purchases for which no sales tax exists.

---

[1] *See* New York State Department of Taxation and Finance, Publication 718-C, "Sales and Use Tax Rates on Clothing and Footwear," available at https://www.tax.ny.gov/pdf/publications/sales/pub718.pdf (last accessed June 27, 2017).
[2] *Id.*

9.      Plaintiff seeks damages, attorneys' fees and costs, restitution, and all other relief deemed appropriate under the statutory and common law causes of action asserted herein.

## JURISDICTION AND VENUE

10.     This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act ("CAFA") 28 U.S.C. 1332(d).  This is a putative class action in which: (a) there are 100 or more members in the proposed Class; (b) at least some members of the proposed Class have a different citizenship from the Defendants; and (c) the claims of the proposed Class members exceed $5,000,000.00 in the aggregate.

11.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Plaintiff purchased products that were delivered to this district and a substantial part of the events, acts and omissions giving rise to the claims asserted herein occurred in this judicial district.

## PARTIES

### Plaintiff

12.     Plaintiff Laura Togut is an individual residing in New York City, New York who has purchased articles of clothing from Forever 21, Inc. and Forever 21 Retail, Inc., through their online store.

### Defendants

13.     Upon information and belief, Defendant Forever 21, Inc. is a Delaware corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 3880 N. Mission Road, Room 3030, Los Angeles, California 90031.

14.     Defendant Forever 21, Inc. operates as a fashion retailer of women's, men's, and kids clothing and accessories nationally and internationally.  It offers clothing products in the areas

3

of dresses, shirts, tops, t-shirts, shorts, jeans, pants, bodysuits (leotards), bras and sports bras, jackets, bottoms, intimates, bathing suits, sleepwear, and active wear.  The company also sells accessories such as bags, belts, sunglasses, readers, hair accessories, socks, tights, beauty products, hats, scarves, gloves, and home and tech products; and jewelry products, including necklaces, earrings, body jewelry, rings, bracelets, pins, patches, and watches.  In addition, Defendant Forever 21, Inc. offers shoes, including sandals, heels, wedges, espadrilles, sneakers, boots, booties, oxfords, loafers, wide fit products, and flats; and swimwear, such as bikini tops, bikini bottoms, one pieces, cover ups, and surf products.

15.     Upon information and belief, Defendant Forever 21 Retail, Inc. is a California corporation organized and existing under the laws of the State of California, with a principal place of business located at 3880 N. Mission Road, Room 3030, Los Angeles, California 90031.

16.     Defendant Forever 21 Retail, Inc. operates as a fashion retailer of women's, men's, and kids clothing and accessories nationally and internationally.  It offers clothing products in the areas of dresses, shirts, tops, t-shirts, shorts, jeans, pants, bodysuits (leotards), bras and sports bras, jackets, bottoms, intimates, bathing suits, sleepwear, and active wear.  The company also sells accessories such as bags, belts, sunglasses, readers, hair accessories, socks, tights, beauty products, hats, scarves, gloves, and home and tech products; and jewelry products, including necklaces, earrings, body jewelry, rings, bracelets, pins, patches, and watches.  In addition, Defendant Forever 21 Retail, Inc. offers shoes, including sandals, heels, wedges, espadrilles, sneakers, boots, booties, oxfords, loafers, wide fit products, and flats; and swimwear, such as bikini tops, bikini bottoms, one pieces, cover ups, and surf products.

17.     Defendants are privately-held companies, which disclose little about their finances. However, it has been reported that Defendants predicted that sales would rise 10% in 2016 to approximately $4.7 billion.

18.     Upon information and belief, each of the Defendants was the agent, employee, and/or alter-ego of each of the other, and at all times relevant herein, acted within the course and scope of such agency and/or employment.

## STATEMENT OF FACTS

19.     Sales tax is a consumption tax on the purchase of goods or services assessed by some states and municipalities.

20.     A retail transaction is only subject to sales tax in the taxing authority where the goods are delivered.

21.     For example, when a buyer and seller reside in the same state, and the buyer takes possession of the purchased goods in that state, the sales tax laws of the buyer and seller's state govern the transaction.

22.     On the other hand, when the buyer and seller reside in different states, and the seller delivers the purchased goods from its state to the buyer's state, the sales tax laws of the buyer's state govern the transaction.

23.     Defendants are aware of these tax collection and assessment procedures, laws and regulations and know how to assess retail sales tax on their clothing sales.

24.     Notwithstanding, Defendants knowingly and purposefully made sales to, and improperly collected taxes from, consumers without regard to the laws of the taxing authority where Defendants delivered the purchase, *i.e.* the "ship to address."

25.    Defendants' failure to calculate tax based on the buyer's ship to address is problematic because many taxing authorities do not charge sales tax, or exempt clothing from sales tax, on purchases made or shipped to their tax jurisdiction.

26.    As a result, if a consumer purchases Defendants' clothing from Defendants who, upon information and belief, are within a jurisdiction that charges sales tax, but the purchase is delivered into a jurisdiction that does not charge sales tax, Defendants' payment system overcharges the consumer in the guise of a sales tax that does not exist in the jurisdiction governing that transaction.

27.    Upon information and belief, Defendants do not remit this overcharge to the taxing authority that governs that transaction.

28.    For instance, on or about May 19, 2017, Plaintiff purchased at least 20 separate items of exempt clothing from Defendants' website, with each item being priced at less than $110, which combined, totaled $283.40 before tax.  A copy of the sales invoice for Order No. 68092432 is attached hereto as Exhibit A.[3]

29.    Plaintiff ordered these items for delivery to her mailing address in New York City, a jurisdiction exempt from all retail sales tax on clothing items each priced at less than $110. Exhibit A.

30.    Defendants delivered these purchases to Plaintiff's mailing address in New York City.

---

[3] The purchases included a "Classic Cotton-Bend Cami" (qty. 2, $3.23), one "Semi-Sheer Studded Tights" ($7.56), one "Ribbed Knit Bodysuit" ($9.90), one "Straight-Legged Distressed Jeans" ($25.41), one "High Impact – Sports Bra" ($12.66), one "High-Waisted Denim Shorts" ($15.21), one "Mid-Rise Denim Shorts" ($15.21), one "Draped Mini Dress" ($13.51), one "Clear Oversized Brim Visor" ($12.66), one "Gummie Print Graphic Tee" ($7.56), one "Contemporary Duster Jacket" ($25.41), one "Draped Surplice Bodysuit" ($10.00), one "Metallic High-Leg Bikini Bottoms" ($13.51), one "Metallic Scoop Neck Bikini Top" ($15.21), one "Tropical Leaf Print Bodysuit" ($10.96), one "Scoop Back Tank Bodysuit" ($12.66), one "Floral Surplice Cami Dress" ($16.91), one "Rose Embroidered Bodysuit" ($21.16), one "Leaf Print Shirt" ($13.51), and one "Ice Cream One-Piece Swimsuit" ($21.16).  *See* Exhibit A.

31.    New York City does not charge sales tax on the clothing Defendants sell and Plaintiff purchased. *See* NY CLS § 1115(a)(30); Exhibit A.

32.    Despite the exemption, Defendants charged Plaintiff a nonexistent retail sales tax on these 21 clothing purchases.

33.    For these purchases, Plaintiff paid a total of $306.30, of which Defendants overcharged her $22.90 in the guise of an ostensible "sales tax."  Exhibit A.

34.    These funds are not an authorized tax and Plaintiff's taxing authorities never authorized Defendants to collect or remit sales tax on these purchases.

35.    This ostensible sales tax was never paid to the New York State Department of Taxation and Finance.

36.    Instead, upon information and belief, Defendants retained the fraudulently obtained $22.90, or remitted it to taxing authorities outside of New York, which authorities have no jurisdiction to assess sales tax on purchases shipped to the exempt jurisdictions in New York and New York City.

37.    Defendants' sales tax assessment practices, in effect, are improperly and fraudulently adding a surcharge to purchases, and are disguising those surcharges as a "sales tax" that does not exist, and for which Defendants lack authority to collect or remit.

38.    Plaintiff and the other members of the Class will continue to be injured by Defendants' conduct as they intend to continue purchasing Defendants clothes.

39.    Defendants' unlawful and unauthorized tax assessments have harmed and will continue to harm residents whose taxing authorities do not charge sales tax on Defendants' clothing or that do not charge sales tax generally, but who, like Plaintiff, purchase Defendants' product online and have it delivered to tax exempt jurisdictions.

## CLASS ALLEGATIONS

40.    Plaintiff brings this class action on behalf of herself and all other similarly situated

Class members under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and seeks to

certify the following Class:

> All persons who were or will be assessed retail sales tax on
> clothing or footwear purchases from Defendants for items
> less than $110, and whose purchases were or will be
> delivered to New York State tax jurisdictions that do not
> authorize a collection of sales tax on the clothing Defendants
> sell.

41.    Excluded from the Class are Defendants, as well as their past and present officers,

employees, agents or affiliates, any judge who presides over this action, and any attorneys who

enter their appearance in this action.

42.    Numerosity.  Members of the Class described above are so numerous that joinder

of all members is impracticable.  The Class is believed to be in the thousands, if not tens or

hundreds of thousands.  The disposition of the individual claims of the respective Class members

will benefit the parties and the Court and will facilitate judicial economy.

43.    Ascertainability.  The Class members are ascertainable through records kept by

Defendants.  Plaintiff and Class members were required to input their personal and financial

information into Defendants' online store to purchase products from Defendants.  Defendants

record this information and the products the Class members purchased in internal databases.

44.    Typicality.  Plaintiff's claims are typical of the claims of the members of the Class.

The claims of each Class member arise from the same course of conduct: Defendants' requirement

that Class members pay for their purchases via an online point-of-sale payment platform that

automatically assesses sales tax without consideration of the laws of the taxing authorities where

8

the Class members reside and the clothing or footwear is delivered.  The claims of Plaintiff and Class members are based on the same legal theories and arise from the same unlawful conduct.

45.  <u>Existence and Predominance of Common Questions of Law and Fact</u>. This action involves common questions of law and fact, which predominate over any questions affecting individual Class members.  These common questions include, but are not limited to, the following:

a.  Whether Defendants collected funds from Plaintiff and individual Class members under a nonexistent tax;

b.  Whether Defendants lack authority under the law to collect funds under a nonexistent tax;

c.  Whether Defendants' illegal and unauthorized collections caused its unjust enrichment;

d.  Whether it would be unjust or inequitable to allow Defendants to retain the ill-gotten taxes; and

e.  Whether Defendants converted funds that lawfully belonged to Plaintiff and the Class members.

46.  <u>Adequacy of Representation</u>.  Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members.  Plaintiff will fairly, adequately, and vigorously represent and protect their interests and Plaintiff has no interest antagonistic to the Class members.  Plaintiff has retained counsel who are competent and experienced in class action litigation, and who possess specific expertise in consumer class actions.

47.  <u>Superiority</u>.  The nature of this action and the nature of the laws available to Plaintiff and the Class make the use of the class action format a particularly efficient and appropriate procedure to afford relief for themselves and the Class for the wrongs alleged.  The damages or other financial detriment suffered by individual Class members is relatively modest compared to the burden and expense that individual litigation of their claims against Defendants

would entail.  It would thus be virtually impossible for Plaintiff and Class members, on an individual basis, to obtain effective redress for the wrongs done to them.  Absent class action litigation, Class members and the general public, would not likely recover, or would not likely have the chance to recover damages, and Defendants will be permitted to retain the converted proceeds of its fraudulent and deceptive misdeeds.

48.     Plaintiff reserves the right to expand, limit, modify or amend this Class definition, including the addition of one or more subclasses, in connection with her motion for class certification, or at any other time, based on, among other things, changing circumstances and new facts obtained during discovery.

## COUNTS
### Count I
**Unjust Enrichment**

49.     Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

50.     Defendants' retention of illegally collected retail sales taxes during the relevant time period constitutes unjust enrichment.

51.     By paying the taxes ($22.90 in Plaintiff's case), Plaintiff and the Class benefited Defendants at their expense and to their detriment.

52.      By charging Plaintiff and individual Class members amounts for an ostensible sales tax on items for which no such tax exists, Defendants received funds to which they have no legal right.

53.      To the extent Defendants retained or improperly distributed the nonexistent sales taxes it assessed Plaintiff and the Class members, or otherwise benefitted from charging them a phony sales tax (*i.e.*, by retaining a percentage of the taxes it collected after remittance to a certain taxing jurisdiction), Defendants are unjustly enriched, to the deprivation of Plaintiff and Class

members.

54.     It would be inequitable if Plaintiff and individual Class members were not reimbursed for the amounts Defendants wrongfully took from them.

55.     Therefore, equity and good conscience require restitution of the unlawful taxes collected by Defendants to Plaintiff and the Class members.

## Count II
### Conversion

56.     Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

57.     By its conduct, Defendants have converted and/or misappropriated funds belonging to Plaintiff and individual Class members.

58.     Defendants had no authority to collect taxes pursuant to the tax jurisdictions in which Plaintiff and the Class members reside, and the tax jurisdictions in which Defendants' online orders were processed had no authority to impose sales taxes on Plaintiff and Class members because the purchases of Plaintiff and the Class members were not made in, or shipped to, those tax jurisdictions.

59.     As such, Defendants' collection of sales tax converted the funds of Plaintiff and the members of the Class.

60.     Defendants have, without proper authorization, assumed and exercised the right of ownership and control over funds from the illegal taxes remitted by Plaintiff and the members of the Class.

61.     The illegal taxes charged were properly owned by Plaintiff and the Class members, not by Defendants.

62.     Defendants intend to permanently deprive Plaintiff and the Class members of the retail sales taxes assessed and/or charged to them.

63.     The conversion of these funds is illegal, unjustified, and intentional, insofar as it is believed and therefore averred that Defendants had actual knowledge of the regulations of the taxing authorities in which Plaintiff and the individual Class members reside.

64.     Alternatively, if the conversion was not deliberate, it is the result of Defendants' recklessness and gross neglect.

65.     This conversion of funds benefitted and continues to benefit Defendants, while acting to the severe pecuniary disadvantage of Plaintiff and Class members.

66.     Plaintiff and the members of the Class are entitled to the immediate possession or repossession of the taxes charged to them and paid to Defendants.

67.     Plaintiff and Class members have sustained damages, including monetary losses, as a direct and proximate result of Defendants' wrongful conversion of the illegal taxes charged.

68.     Based on Defendants' wrongful conversion of the illegal taxes charged to Plaintiff and Class members, Defendants are liable for damages, including all amounts wrongfully converted, and costs permitted by law.

69.     Defendants should be ordered to remit all illegally taken funds to Plaintiff and the Class.

## Count III

### Money Had And Received

70.     Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

71.     Defendants received the illegal taxes paid by Plaintiff and the Class members.

72.     Defendants benefitted from the receipt of the illegal taxes charged to Plaintiff and the Class members.

73.     Under the principles of equity and good conscience, Defendants should not be

permitted to retain the illegal taxes because the taxes were assessed on clothes or footwear shipped to jurisdictions that provide for a full retail sales tax exemption on any clothes or footwear that cost less than $110 that are purchased and/or delivered within the exempt jurisdiction.

## DEMAND FOR JUDGMENT

74.     In light of the above, Plaintiff, on behalf of herself and the Class, demands judgment that:

a.  The Court determine that this action may be maintained as a class action under Federal Rule of Civil Procedure 23, and direct that reasonable notice of this action be given to each and every member of the Class;

b.  An order certifying the Class and designating Laura Togut as the Class Representative, and her counsel as Class Counsel;

c.  Defendants' taxes collected as alleged herein be adjudged and declared to be illegal and improperly assessed and collected;

d.  Defendants disgorge all sums collected via improperly imposed taxes and pay restitution of such monies to Plaintiff and Class members;

e.  Plaintiff and the Class members recover damages to the maximum extent allowed under the law;

f.  Plaintiff and the Class members be awarded pre- and post-judgment interest as provided by law, and that such interest be awarded at the highest legal rate from and after the date of service of this Complaint;

g.  Plaintiff and the Class members recover their attorneys' fees and costs of this suit as provided by law; and

h.  Plaintiff and the Class members have such other and further relief as the case may require and the Court may deem just and proper.

## **JURY DEMAND**

75.    Plaintiff demands a trial by jury on all issues so triable.


Dated: New York, New York
       July 24, 2017

                                        Respectfully submitted,


                                        _/s/ Bradley J. Bartolomeo_____
                                        Lee S. Shalov, Esq.
                                        Bradley J. Bartolomeo, Esq.
                                        McLaughlin & Stern, LLP
                                        260 Madison Avenue
                                        New York, NY 10016
                                        (212) 448-1100