UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
LAURA TOGUT, on behalf of herself and
all others similarly situated,

                  Plaintiff,

  -against-

FOREVER 21, INC. and FOREVER 21 RETAIL,
INC.,

                  Defendants.
------------------------------------------X

17 Civ. 5616

OPINION

A P P E A R A N C E S:

Attorneys for Plaintiff

MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
By:  Lee S. Shalov, Esq.
     Bradley J. Bartolomeo, Esq.


Attorneys for Defendants

PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, NY 10036
By:  David G. Keyko, Esq.
     Joseph D. Jean, Esq.

**Sweet, D.J.**

Defendants Forever 21, Inc. and Forever 21 Retail, Inc. (collectively, the "Defendants" or "Forever 21") have moved pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the Complaint of Plaintiff Laura Togut ("Togut" or the "Plaintiff") alleging causes of action for unjust enrichment, conversion, and money had and received which arise out of Togut's purchase of items on Defendants' website for which she alleges Defendants unlawfully charged her retail sales tax. Based upon the conclusions set forth below, Defendants' motion is granted and the Complaint is dismissed.

**Prior Proceedings**

On July 24, 2017, Plaintiff filed her putative class action Complaint alleging unjust enrichment, conversion, and money had and received. Compl. ¶¶ 49-73, Dkt. No. 1. The Complaint alleges that Defendants fraudulently added a surcharge, labeled as a "sales tax," to online purchases shipped to sales tax exempt jurisdictions, and did not remit the collected tax to the proper New York authority, the New York State Department of Taxation and Finance (the "Department"). See id.

1

On September 18, 2017, Defendants filed the instant motion to dismiss. Dkt. No. 15. The motion was heard and marked fully submitted on November 15, 2017.

**Facts**

The Complaint sets forth the following facts, which are assumed true for the purpose of this motion to dismiss. See Koch v. Christie's Int'l PLC, 699 F.3d 141, 145 (2d Cir. 2012). As part of a motion to dismiss, a "court may consider any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint." N.Y. Life Ins. Co. v. U.S., 724 F.3d 256, 258 n.1 (2d Cir. 2013) (quoting Subaru Distribs. Corp. v. Subaru of Am., Inc., 425 F.3d 119, 122 (2d Cir. 2005)).

New York City is a jurisdiction that is exempt from retail sales tax on items priced at less than $110. Compl. ¶ 31. New York City's sales tax exception includes New York State retail sales tax, New York City local retail sales tax, and the Metropolitan Commuter Transportation District ("MCTD") tax, which combined total 8.875%. Compl. ¶¶ 3-4, 29, 31; see also

Sales Tax, City of New York, http://www1.nyc.gov/nyc-resources/service/2389/sales-tax (last visited January 15, 2018).

On or about May 19, 2017, Plaintiff purchased twenty items of clothing from Defendants' website, Forever21.com, for delivery in New York City. Compl. ¶ 28. Each item was priced below $110 and, combined, totaled $283.40. Compl. ¶ 28, Ex. A. Plaintiff ultimately paid Defendants a total of $306.30 for her items, of which $22.90 was labeled a "tax." Compl. ¶ 32-33, Ex. A. The items Plaintiff ordered were order and delivered to her mailing address in New York City. Compl. ¶¶ 29-30. The monies Defendants collected from Plaintiff under the label of a "tax" were not paid to the Department. Compl. ¶ 35-36.

**The Applicable Standard**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. U.S., 201 F.3d 110, 113 (2d Cir. 2000). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or

petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." Tandon v. Captain's Cove Marina of Bridgeport, Inc., 752 F.3d 239, 243 (2d Cir. 2014). However, "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings." Id. "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova, 201 F.3d at 113.

On a Rule 12(b)(6) motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in favor of the pleader. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663 (quoting Twombly, 550 U.S. at 556). In other words, the factual allegations must "possess enough heft to show that the pleader

4

is entitled to relief." Twombly, 550 U.S. at 557 (internal quotation marks omitted).

While "a plaintiff may plead facts alleged upon information and belief 'where the belief is based on factual information that makes the inference of culpability plausible,' such allegations must be 'accompanied by a statement of the facts upon which the belief is founded.'" Munoz-Nagel v. Guess, Inc., No. 12 Civ. 1312 (ER), 2013 WL 1809772, at *3 (S.D.N.Y. Apr. 30, 2013) (quoting Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010)); Prince v. Madison Square Garden, 427 F. Supp. 2d 372, 384 (S.D.N.Y. 2006); Williams v. Calderoni, 11 Civ. 3020 (CM), 2012 WL 691832, at *7 (S.D.N.Y. Mar. 1, 2012)). The pleadings, however, "must contain something more than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Twombly, 550 U.S. at 555 (citation and internal quotation omitted).

**The Motion to Dismiss the Complaint is Granted**

Plaintiff's Complaint alleges that Defendants improperly collected retail sales tax on purchases Plaintiff made from Defendants' website and which were shipped to her in New York

5

City, a retail sales tax exempt jurisdiction. See Compl. ¶¶ 7, 32-37. Defendants contend that Plaintiff's Complaint must be dismissed both because Plaintiff has failed to follow the New York State administrative remedy proscribed by New York Tax Law Section 1139 and because Plaintiff has failed plausibly to state a claim.[1]

New York Tax Law Section 1139 states that a consumer who seeks the return of sales tax "erroneously, illegally or unconstitutionally collected or paid . . . to a person required to collect tax" must apply for a refund to the state tax commission. N.Y. Tax Law § 1139(a). The Second Circuit has held that the "refund process is the 'exclusive remed[y] available to

---

[1] The Second Circuit has not stated whether compliance with New York Tax Law § 1139 is a question of jurisdiction, of failing to state a claim, or failure to exhaust administrative remedies. See Estler, 691 F. App'x at 5 n.1 (collecting cases). In the circuit court's silence, district courts have, to differing degrees, rendered decisions along all three lines, although the analysis remains fundamentally identical. Compare Kupferstein, 2017 WL 590324, at *2 n.1 (dismissing for failure to state a claim and analyzing whether plaintiff has plausibly compiled with state administrative remedies), with Estler v. Dunkin' Brands, Inc., No. 16 Civ. 932 (LGS), 2016 WL 5720814, at *4 (S.D.N.Y. Oct. 3, 2016) (dismissing for lack of subject matter jurisdiction and analyzing the same), aff'd, 691 F. App'x 3 (2d Cir. 2017). As the parties argue Defendants' motion principally in the context of lack of subject matter jurisdiction, including Plaintiff's request for jurisdictional discovery, discussed below, Defendants' Fed. R. Civ. P. 12(b)(1) motion will be considered first.

6

any person for the review of tax liability imposed' under state sales tax law, and no 'determination or proposed determination of tax or determination on any application for refund shall be enjoined or reviewed . . . by any action or proceeding other than a proceeding under article seventy-eight of the [New York] civil practice law and rules.'" Estler v. Dunkin' Brands, Inc., 691 F. App'x 3, 5 (2d Cir. 2017) (alterations in original) (quoting N.Y. Tax Law § 1140). This is because the "collection of sales taxes constitutes merely a ministerial act," and as such, once the merchant collects the tax, its "responsibility ends" and "a dissatisfied taxpayer's recourse is against the taxing body." Kupferstein v. TJX Cos., Inc., No. 15 Civ. 5881 (NG), 2017 WL 590324, at *2 (E.D.N.Y. Feb. 14, 2017) (internal alterations and quotation marks omitted) (quoting Cohen v. Hertz, No. 13 Civ. 1205 (LTS) (AJP), 2013 WL 9450421, at *3 (S.D.N.Y. Nov. 26, 2013)). "Where a plaintiff has failed to comply with a mandatory state-law administrative remedy, 'the action must be dismissed.'" Estler, 691 F. App'x at 5 (quoting Holt v. Town of Stonington, 765 F.3d 127, 130 (2d Cir. 2014)).

It is undisputed that Plaintiff has not sought administrative relief under Section 1139. Plaintiff argues, however, that her situation falls into a carve-out scenario left

unresolved by the Estler court. In Estler, plaintiffs alleged that Dunkin' Donuts franchises had unlawfully charged sales tax on purchases of pre-packaged coffee. 691 F. App'x at 4. The Second Circuit affirmed the lower court's dismissal of plaintiffs' claim for lack of subject matter jurisdiction because plaintiffs failed to comply with the mandatory state-law remedy under N.Y. Tax Law § 1139(a). See id. at 5-7. However, in a footnote, the court noted that its decision did not "address whether resort to this administrative remedy might ever be unnecessary if an additional fee has been fraudulently charged as a 'tax' yet not remitted to state or municipal authorities." Estler, 691 F. App'x at 6 n.2 (emphasis in original); see Pl.'s Mem. of Law in Opp. to Defs.' Mot. to Dismiss ("Opp. Mem.") at 1-2. In contrast, Plaintiff highlights that her Complaint specifically alleges that Defendants have not remitted the collected sales tax to the Department. See Compl. ¶¶ 37, 35-36.

Plaintiff's conclusory allegation is insufficient to merit wading into Estler's jurisprudential opening. The court in Kupferstein, which addressed a situation akin to the one hypothesized by the Second Circuit and presented here, provides guidance. There, a plaintiff alleged that a merchant overcharged her sales tax, which the plaintiff termed an "undisclosed fee."

Kupferstein, 2017 WL 590324, at *1-2. After recognizing that the contested "fee" was sales tax and construing plaintiff's complaint to allege that the defendant collected the "excess sales taxes without remitting them to the taxing authorities," the court chose not to credit what it found as simply "speculation" by the plaintiff when there was nothing "more than a sheer possibility that a defendant has acted unlawfully." Kupferstein, 2017 WL 590324, at *3 (quoting Iqbal, 556 U.S. at 678). The same situation is present here. Based exclusively on "information and belief," Plaintiff contends that Defendants have not remitted the collected monies to the Department. Compl. ¶ 36. No further alleged facts or documents have been presented in support.[2] Alone, this is not enough to establish jurisdiction by a preponderance of the evidence.

In apparent acknowledgement of this pleading deficiency, Plaintiff contends that she should be entitled to jurisdictional discovery prior to any dismissal of her claims. Opp. Mem. at 2, 6-9. Specifically, Plaintiff states that she seeks from

---

[2] Plaintiff's notion that "Defendants' failure to offer any evidence" that the collected tax was "remitted to the New York taxing authority" should countenance against dismissal is meritless. "[I]t is not defendant's burden to produce evidence" to support either of their instant motions. Kupferstein, 2017 WL 590324, at *3.

9

Defendants "information and documents evidencing . . . remittance of any and all taxes collected from consumers taking delivery of online orders in New York jurisdictions that provide for retail sales tax exception . . . for items and purchases that qualify for the exemption . . . for fiscal years 2016 and 2017." Opp. Mem. 7-8. Plaintiff contends that "[d]espite multiple phone calls," Plaintiff has not been able to obtain documents from the Department necessary "to rebut Defendants [*sic*] challenge . . . whether any monies collected by Defendants on exempt items delivered to exempt jurisdictions were remitted" to the Department. Declaration of Bradley J. Bartolomeo dated October 16, 2017 ("Bartolomeo Decl.") ¶¶ 10, 12.

Where a plaintiff fails to establish a *prima facie* case that a court has jurisdiction over a defendant, it is within a court's discretion whether to allow jurisdictional discovery. Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181, 186 (2d Cir. 1998). A court generally should allow a plaintiff "an opportunity to conduct discovery on . . . jurisdictional facts, at least where the facts, for which discovery is sought, are peculiarly within the knowledge of the opposing party." Gualandi v. Adams, 385 F.3d 236, 244 (2d Cir. 2004); see also A.W.L.I. Grp., Inc. v. Amber Freight Shipping Lines, 828 F. Supp. 2d 557,

10

575 (E.D.N.Y. 2011) (citation omitted) ("Pre-motion discovery should be permitted where the facts necessary to establish personal jurisdiction . . . lie exclusively within the defendant's knowledge.") "A party seeking jurisdictional discovery . . . bears the burden of showing necessity." Molchatsky v. United States, 778 F. Supp. 2d 421, 438 (S.D.N.Y. 2011), aff'd, 713 F.3d 159 (2d Cir. 2013).

The information Plaintiff seeks to establish subject matter jurisdiction for her claim does not require jurisdictional discovery. Plaintiff needs to establish one thing: whether Defendants remitted the monies collected from Plaintiff to the Department. This could be done without need to resort to discovery by filing an AU-11 Application for Credit or Refund of Sales or Use Tax ("Refund Request"), accessible from the Department. See AU-11 APPLICATION FOR CREDIT OR REFUND OF SALES OR USE TAX (Dec. 2010), http://www.tax.ny.gov/pdf/current_forms/st/au11_fill_in.pdf. The privately held nature of Defendants' business or the efficacy of phone calls to the Department do not establish that submitting a Refund Request would not adequately address this narrow inquiry. As such, Plaintiff cannot credibly argue that the specific fact that she needs is "peculiarly" within Defendants' knowledge and

necessitates discovery. Gualandi, 385 F.3d at 244-45 (finding no abuse of discretion where plaintiffs had not demonstrated how discovery was needed to overcome jurisdictional challenge under Rule 12(b)(1)). "Discovery need not be granted to allow a plaintiff to engage in an unfounded fishing expedition for jurisdictional facts." Vista Food Exch., Inc. v. Champion Foodservice, LLC, 124 F. Supp. 3d 301, 315 (S.D.N.Y. 2015) (citation omitted). Accordingly, Plaintiff's request is denied. See Molchatsky, 778 F. Supp. 2d at 438 (denying jurisdictional discovery request following defendant's motion to dismiss where there was "no reason to believe [the information plaintiff sought] would not be publicly available").

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss is granted.

It is so ordered.

**New York, NY**
**January 15, 2018**

_____
ROBERT W. SWEET
U.S.D.J.